UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gary Robinette, | |
| | C/A No. 8:05-1163-GRA-BHH |
| Plaintiff, | |
| v. | **ORDER** |
| Jo Anne B. Barnhart, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., and issued on May 4, 2006. Plaintiff brought this action pursuant to 42 U.S.C.§ 405(g) seeking judicial review of the final decision of the Commissioner. The Commissioner denied the plaintiff's application for disability benefits and the magistrate recommends affirming the decision of the Commissioner.

I. Background

Plaintiff filed an application for disability insurance benefits on June 4, 2003. He alleged disability beginning on October 21, 2002, due to a high blood pressure, pain in left knee and hip, depression, Perthes disease, back injuries, a spinal tumor, left shoulder problems and a total hip replacement. The Commissioner denied the applications initially and on reconsideration. The administrative law judge (ALJ) held

1

a hearing on July 29, 2004, and issued his decision on December 2, 2004 that held that the Plaintiff was not disabled within the meaning of the Act.  The ALJ's decision became the final decision of the Commissioner when it was approved by the Appeals Council.

## II.  Standards of Review

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.  Plaintiff has made objections to the magistrate's Report and Recommendation.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de*

*novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. Discussion

In his objection, plaintiff asserts that substantial evidence does not exist to support the recommendation. After a review of the record the objections raised by the Plaintiff were correctly addressed by the magistrate in the Report and Recommendation. This objection is without merit.

IV.  Conclusion

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law and substantial evidence exists to support the findings.  Accordingly, the Report and Recommendation is accepted and adopted by this Court.

IT IS THEREFORE ORDERED that the Commissioner's decision be AFFIRMED.

IT IS SO ORDERED.

                                                                  _____
                                                                  G. ROSS ANDERSON, JR.
                                                                  UNITED STATES DISTRICT JUDGE
Anderson, South Carolina

June 8, 2006